E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
07/15/2020 2:48:17 PM
Linda Myhre Enlow
Thurston County Clerk

☐ EXPEDITE
☐ No hearing set
☐ Hearing is set:
Date: _____
Time: _____
Judge: _____

SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF THURSTON

ROSS P. BARKHURST, a married individual, )
)
                              Plaintiffs, )
)
vs. )
)
)
CYNDIE SUNDSTROM, a married individual, )
And WASHINGTON DEPARTMENT OF FISH )
AND WILDLIFE, an agency of the State of )
Washington, )
)
                              Defendants. )

No. 20-2-01742-34

COMPLAINT

## I. PARTIES AND JURISDICTION

1.1    Plaintiff ROSS P. BARKHURST (hereinafter "Plaintiff") is an individual and a resident of the State of Washington.

1.2    Defendant is the Washington Department of Fish and Wildlife (hereinafter "WDFW"), an agency of the State of Washington.

1.3    On information and belief, Defendant CYNDIE SUNDSTROM is an individual and a resident of the State of Washington.

1.4    This Court has jurisdiction over this matter and venue is proper in the Superior Court of Washington for the County of Thurston.

COMPLAINT - 1

SCHEFTER & FRAWLEY
*Attorneys at Law*
1415 College Street SE
Lacey, Washington 98503
(360) 491-6666 * (360) 456-3632 fax

## II. FACTS

2.1   Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

2.2.   Defendant CYNDIE SUNDSTROM (hereinafter "Sundstrom") is a biologist employed by Defendant Washington Department of Fish and Wildlife (hereinafter "WDFW").

2.3   On February 13, 2019, Plaintiff ROSS P. BARKHURST was hunting geese in Pacific County, Washington on private property.

2.4   On February 13, 2019, Sundstrom was working as an employee of WDFW. Sundstrom observed Plaintiff hunting. Sundstrom believed that Plaintiff had harvested Canada geese but was unable to contact Plaintiff because Plaintiff was hunting on private property. All actions taken by Defendants were taken under color of state law.

2.5   Sundstrom attempted to set up a "check station" in order to inspect any geese that Plaintiff had harvested. The "check station" was intended only for Plaintiff and those hunting with him. The location of the "check station" was west of the intersection of Camenzind Road on State Highway 105. Plaintiff did not pass through the "check station."

2.6   Sundstrom observed Plaintiff pull his vehicle onto Highway 105 and drive east. Sundstrom pursued Plaintiff east on Highway 105.

2.7   Sundstrom pursued Plaintiff in her WDFW issued vehicle and pulled in behind Plaintiff. Sundstrom then pulled very close behind Plaintiff's vehicle and flashed the vehicle's lights until Plaintiff pulled over. Sundstrom then demanded to, and did, inspect the Canada geese that Plaintiff had harvested. Sundstrom removed the geese from Plaintiff's vehicle and seized some of them. Sundstrom then called WDFW enforcement officers to the scene via telephone.

COMPLAINT - 2

SCHEFTER & FRAWLEY
*Attorneys at Law*
1415 College Street SE
Lacey, Washington 98503
(360) 491-6666 * (360) 456-3632 fax

2.8     At the time of the stop, Sundstrom did not have, and could not have had, articulable suspicion of wrongdoing. She observed Plaintiff hunting from hundreds of yards away and could not identify the subspecies of Canada goose.

2.9     WDFW officers Todd Dielman and Thomas Bolt arrived on scene. Officer Dielman questioned Sundstrom about her stop of Plaintiff. Both Officer Dielman and Officer Bolt did not believe that the stop was legal. Officer Dielman and Officer Bolt contacted WDFW Police Sergeant Ryan John. Sgt. John also believed the stop was illegal.

### III. FIRST CAUSE OF ACTION: UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH OF AMENDMENT OF THE UNITED STATES CONSTITUTION

3.1     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

3.2     Sundstrom stopped Plaintiff while Plaintiff was legally traveling in his vehicle based on a belief Plaintiff had harvested Canada geese. At the time, February 13, 2019, hunting and harvesting Canada geese was legal.

3.3     Sundstrom lacked any suspicion that Plaintiff had committed any unlawful behavior.

3.4     Sundstrom's stop violated Plaintiff's clearly established constitutional right. Particularly, WDFW had recently been found to have violated the 4th Amendment by conducting a nearly identical vehicle stop in *Tarabochia v. Adkins*, 766 F.3d 1115 (9th Cir. 2014). Sundstrom is not entitled to qualified immunity and is personally liable for the violation of the Plaintiff's right to be free of unreasonable searches and seizures.

3.5     Sundstrom was acting within the scope of her employment when she unlawfully stopped Plaintiff.

COMPLAINT - 3

SCHEFTER & FRAWLEY
*Attorneys at Law*
1415 College Street SE
Lacey, Washington 98503
(360) 491-6666 * (360) 456-3632 fax

3.6     Plaintiff was damaged as a result of the violation of their constitutional rights in an amount to be proven at trial.

3.7     Defendant acted willfully, knowingly, unreasonably, purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights.

3.8     Pursuant to Title 42 § 1983 USC, Plaintiff is entitled to punitive damages.

### IV. SECOND CAUSE OF ACTION: UNREASONABLE SEARCH AND SEIZURE UNDER THE WASHINGTON STATE CONSTITUTION/INVASION OF PRIVACY

4.1     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

4.2     Defendants violated Article 1, Section 7 of the Washington Constitution.

### V. THIRD CAUSE OF ACTION: COMMON LAW INVASION OF PRIVACY

5.1     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

5.2     Defendants intentionally intruded upon Plaintiff's right to privacy in a manner that was highly offensive and caused damage to Plaintiff in an amount to proven at trial.

### VI. FOURTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6.1     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

6.2     Defendants, through their conduct, negligently caused emotional distress to Plaintiff and thereby damaged Plaintiff in an amount to be proven at trial.

### VII. FIFTH CAUSE OF ACTION: OUTRAGE

7.1     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

7.2     Defendants intentionally or recklessly caused emotional distress to Plaintiff by their outrageous and extreme conduct. Plaintiff was damaged by Defendants' conduct in an amount to be proven at trial.

COMPLAINT - 4

SCHEFTER & FRAWLEY
*Attorneys at Law*
1415 College Street SE
Lacey, Washington 98503
(360) 491-6666 * (360) 456-3632 fax

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

8.1   For declaratory judgment that the acts of Defendants violated Plaintiff's rights under the Constitution of the State of Washington and the Constitution of the United States.

8.2   For compensatory, punitive, and statutory damages under 42 U.S.C. § 1983 and applicable Washington law in an amount to be proven at trial.

8.3   Entry of judgment for Plaintiff for all costs and attorney fees incurred in bringing this action.

8.4   For such other and further relief as to this Court seems just and equitable.

DATED this 15th day of July, 2020.

SCHEFTER & FRAWLEY

_____
JOE D. FRAWLEY, WSB #41814
Attorneys for Plaintiff

COMPLAINT - 5

SCHEFTER & FRAWLEY
*Attorneys at Law*
1415 College Street SE
Lacey, Washington 98503
(360) 491-6666 * (360) 456-3632 fax